D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
ALINA MAMLYUK, #284154
amamlyuk@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff and Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JOANNA ZHOU,<br><br>       Debtor.<br>_____<br>RICHARD A. MARSHACK, in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Joanna Zhou,<br><br>v.<br><br>DANNY B. RICHARDS, an individual,<br><br>       Defendant. | Case No. 8:24-bk-11297-SC<br><br>Chapter 7<br><br>Adv. No. 8:24-ap-01097-SC<br><br>PLAINTIFF AND CHAPTER 7 TRUSTEE STATUS REPORT REGARDING COMPLIANCE OF DEFENDANT<br><br><u>Status Conference Date:</u><br>Date:     December 17, 2024<br>Time:     3:30 p.m.<br>Location:  Courtroom 5C / ZoomGov<br>           411 West Fourth Street<br>           Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

      Plaintiff Richard A. Marshack, in his capacity as the chapter 7 trustee ("Trustee") of the

bankruptcy estate ("Estate") of Joanna Zhou ("Debtor") ("Plaintiff"), submits this status report

regarding the compliance of Danny B. Richards ("Defendant") with the Court's instructions and the

efforts of Trustee and Trustee's professionals to market the real property located at 190 Cecil Place, Costa Mesa, California ("Property").

## 1.     Brief Factual Restatement

On or about March 15, 2022, Joanna Zhou ("Zhou" or "Debtor"), an individual, filed the subject State Court Action against Defendant Danny B. Richards, an individual ("Richards"), and DOES 1 through 25 ("DOES") (collectively referred to herein as "Defendants"), for (1) partition of real property (CCP §872.210); (2) return of personal property; conversion; (3) an accounting; and (4) breach of oral contract, commencing Orange County Superior Court case no. 30-2022-01249998-CU-OR-CJC ("Partition Action"). The Partition Action includes claims for relief for partition of real property commonly known as 190 Cecil Place, Costa Mesa, CA ("Property").

On May 21, 2024, Zhou filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. Upon Zhou's filing of a bankruptcy petition, all property owned by Zhou, including her fractional interest in the Property and claims arising in the Partition Action, became property of the Estate pursuant to 11 U.S.C. § 541(a).

Richard A. Marshack is the duly appointed and acting Chapter 7 Trustee for Debtor's Bankruptcy Estate.

On July 9, 2024, Trustee filed a Notice of Removal in the bankruptcy case, of the Partition Action, initiating this adversary proceeding.

On July 25, 2024, as Docket No. 8, the Trustee filed a *Notice of Motion and Motion for: (1) Interlocutory Sale Order Pursuant to 11 U.S.C. § 363(h) and California Code of Civil Procedure § 872.820; (2) for Turnover Order Against Occupant Danny B. Richards; and (3) Other Remedies Including Permitting Trustee to Execute Documents and Enforce Judgment Through Writ of Assistance* ("Interlocutory Sale Motion").

A hearing on the Interlocutory Sale Motion was held on August 15, 2024 at 11:00 a.m. in Courtroom 5C of the United States Bankruptcy Court, Santa Ana Division. At 11:00 a.m., the Court called to order the hearing on the Interlocutory Sale Motion and no appearances were made contesting the Motion. The Court indicated that the tentative ruling would be adopted as the final ruling. The other, unrelated matter then proceeded with oral argument.

At some time after 11:00 a.m., during the hearing on the other, unrelated matter, the Defendant appeared in the courtroom and requested to be heard on the Interlocutory Sale Motion. The Court then re-called the matter. During the hearing, statements were made by the Court and the Defendant that outlined the measure of the Defendant's required compliance with the Court's order on the Interlocutory Sale Motion. A true and correct copy of the transcript of the August 15, 2024 hearing is attached as **Exhibit "1"** and incorporated by reference.

On September 10, 2024, at 1:30 p.m., the Court held a status conference on this matter. At the status conference, Defendant appeared and a discussion was held on the record regarding Defendant's cooperation with the Trustee's efforts to market the Property. This status report provides an update to the Court regarding such efforts.

## 2.    Status Report

On September 10, 2024, at approximately 5:00 p.m., the Trustee's real estate agent, Clarence Yoshikane ("Mr. Yoshikane"), met with Defendant at the Property with the purpose of inspecting the Property, and was permitted to tour the Property and take pictures. At that time, Mr. Yoshikane was able to see the Property without issue.

On September 11, 2024, at approximately 3:00 p.m., based on an appointment scheduled between Defendant and Trustee, Defendant again met Mr. Yoshikane along with an interested purchaser for the Property. Mr. Yoshikane and the proposed buyer met with the Defendant and a tour of the Property occurred at that time without issue.

Mr. Yoshikane noted that at the time of his two visits to the Property, there appeared to be at least two (2) other individuals living at the Property along with the Defendant, and Trustee is informed by neighbors of the Property that other persons have been staying overnight at the Property for a period of months. This appears to contradict the Defendant's statement to the Court at the hearing held on August 15, 2024 (Exh. 1, pg. 7):

THE COURT:          Who resides in the property at this point?

MR. RICHARDS:    I do, Your Honor, solely.

THE COURT:          Okay. No one else?

MR. RICHARDS:    Correct.

1  The Property is currently in fair condition, which may result in some reduction to the fair market

2  value. Trustee has obtained general liability insurance for the Property and has requested that the

3  lender force-place insurance if Trustee is unable to get property insurance. After the Court's

4  instructions made at the status conference on September 10, 2024, there have been no issues with

5  Defendant's cooperation with the Trustee, and no motion seeking relief from the Court has been filed.

6  A motion for sale of the Property will include provisions to ensure that it can be delivered vacant to

7  a proposed purchaser. Plaintiff and his counsel will update the Court immediately if circumstances

8  change.

9

10  DATED: September 12, 2024              MARSHACK HAYS WOOD LLP

11                                         By:    /s/ Tinho Mang
                                                  TINHO MANG
12                                                ALINA MAMLYUK
                                                  Attorneys for Plaintiff and Chapter 7 Trustee
13                                                RICHARD A. MARSHACK

14

15  4859-9414-5508, v. 1

16

17

18

19

20

21

22

23

24

25

26

27

28

STATUS REPORT RE: COMPLIANCE OF DEFENDANT

Exhibit "1"

1             UNITED STATES BANKRUPTCY COURT

2         CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA

3                 --oOo--

4 In Re:                )   Case No. 8:24-bk-11297-SC
                     )

5 JOANNA ZHOU,         )   Chapter 7
                     )

6 Debtor.             )   Santa Ana, California
                     )   Thursday, 11:00 A.M.

7 ------------------------------X   August 15, 2024
MARSHACK,           )

8                      )
         Plaintiff,    )

9                      )
          v.         )   Adv. No. 8:24-ap-01097-SC

10                      )
RICHARDS,           )

11                      )
         Defendant.    )

12 ------------------------------X

13

14                       HEARING RE: MOTION FOR:
                     (1) INTERLOCUTORY SALE

15                      ORDER PURSUANT TO 11
                     U.S.C. §363(h) AND

16                      CALIFORNIA CODE OF CIVIL
                     PROCEDURE §872.820;

17                      (2) FOR TURNOVER ORDER
                     AGAINST OCCUPANT DANNY B.
                     RICHARDS; AND

18                      (3) OTHER REMEDIES
                     INCLUDING PERMITTING

19                      TRUSTEE TO EXECUTE
                     DOCUMENTS AND ENFORCE

20                      JUDGMENT THROUGH WRIT OF
                     ASSISTANCE

21

22             TRANSCRIPT OF PROCEEDINGS
       BEFORE THE HONORABLE THEODOR ALBERT

23         UNITED STATES BANKRUPTCY JUDGE

24
Proceedings produced by electronic sound recording;

25 transcript produced by transcription service.



1   APPEARANCES:

2   For the Trustee:         D. EDWARD HAYS, ESQ.
                            Marshack Hays, LLP
3                           870 Roosevelt Avenue
                            Irvine, California   92620
4
   Court Recorder:           Diana Wong
5                           U.S. Bankruptcy Court
                            Central District of California
6                           Ronald Reagan Federal Building and
                           United States Courthouse
7                           411 West Fourth Street
                           Santa Ana, California   92701-4593
8                           (855) 460-9641

9   Court Transcriptionist:  Ruth Ann Hager, C.E.T.**D-641
                           Ben Hyatt Certified Deposition
10                            Reporters
                           17835 Ventura Boulevard
11                           Suite #310
                           Encino, California   91316

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page                                                                3

1          SANTA ANA, CALIFORNIA, THURSDAY, AUGUST 15, 2024

2                            11:39 A.M.

3                             --oOo—

4          THE COURT:  All right.  I'm going to call item

5    #4.00.  This is a motion for an interlocutory sale order.

6    Now I'll have appearances.

7          Tell me your name.

8          MR. RICHARDS:  My name is Danny B. Richards.

9          THE COURT:  All right.  Okay.  Mr. Hays, can you

10   represent Mr. Marshack in this matter?

11         MR. HAYS:  Yes, Your Honor, I am prepared to do

12   so.

13         THE COURT:  And are you familiar with the motion?

14         MR. HAYS:  Yes, Your Honor, I am.

15         THE COURT:  And are you familiar with the

16   tentative decision?

17         MR. HAYS:  Yes, I am, Your Honor.

18         THE COURT:  Okay.  How can I help you,

19   Mr. Richards?

20         MR. RICHARDS:  Well, I'm not sure I understand

21   the process.  We had a civil partition trial going and

22   apparently it didn't go well.  It was strung out for

23   failure to perform.  And then I heard that there was --

24   that she had done a bankruptcy to the attorney I was using

25   for the real estate case, actually.

Page                                                                    4

 1            THE COURT:  You're Danny Richards.

 2            MR. RICHARDS:  Correct.

 3            THE COURT:  You know you're being sued?

 4            MR. RICHARDS:  Yes.

 5            THE COURT:  Okay.  Just making sure you

 6  understand you're being sued by the Trustee.

 7            MR. RICHARDS:  Oh, I've been getting sued for

 8  four years.  Yeah.

 9            THE COURT:  By the Trustee.

10            MR. RICHARDS:  Well, that I don't understand.

11            THE COURT:  That's what I'm asking you.

12            Do you understand that you are being sued by the

13  Chapter 7 Trustee in this case?

14            MR. RICHARDS:  For the most part, but not really.

15  I'm not sure how that got invoked.

16            THE COURT:  Okay.

17            MR. RICHARDS:  Like I said, it might have been --

18            THE COURT:  Do you have an attorney?

19            MR. RICHARDS:  Not at this time.  It came up

20  pretty quick, though.

21            THE COURT:  You should get an attorney.  Okay.

22  Anything else?

23            MR. RICHARDS:  No, it's --

24            THE COURT:  Do you oppose the motion?

25            MR. RICHARDS:  Absolutely.



Page                                                                    5

1           THE COURT:  Well, tell me why you oppose the

2    motion.

3           MR. RICHARDS:  It's actually a documented

4    premeditated fraud.

5           THE COURT:  Just tell me why you oppose the

6    motion.

7           MR. RICHARDS:  Because I have no place to live

8    and her conduct has made me physically ill and --

9           THE COURT:  No, I mean, legally, why do you

10   dispose -- why do you oppose the --

11          MR. RICHARDS:  Because she's never negotiated

12   with me and she's --

13          THE COURT:  -- motion.

14          MR. RICHARDS:  -- written six contracts to try to

15   sell the house without me.  Her conduct has been anything

16   but a real estate agent.

17          THE COURT:  Mr. Hays, is the Trustee trying to

18   sell this house or is -- it's another person?

19          MR. HAYS:  Your Honor, by this motion the Trustee

20   is not seeking an act -- approval of an actual sale of the

21   property.  What the Trustee is seeking by this motion is

22   the authority to be able to sell the property.

23          Prior to bankruptcy there was a partition

24   judgment entered in litigation between the debtor Joanna

25   Zhou and Mr. Richards.  The state court partitioned the

Page                                                                    6

1  property finding that each party would be a 50 percent

2  owner of that property.  Ms. Zhou then filed bankruptcy so

3  her rights to 50 percent of the property and her rights and

4  the particular the pending state court action became

5  property of the bankruptcy estate under Mr. Marshack's

6  control.  That state court action was removed to this

7  court, which gave rise to the adversary proceeding on which

8  we are having a hearing today.

9          And in the motion that the Trustee filed --

10 standing in the shoes of the debtor, the Trustee is asking

11 the Court to enter an order that allows for the sale of the

12 property to be undertaken by the Trustee and any purported

13 sale that we would propose to the Court would be by

14 separate motion, but to give the Trustee a judgment that

15 says he can proceed to market the entirety of the property.

16 And then if and when the Court approves a sale, by way of a

17 separate motion down the line, if approved then the money

18 would be distributed to the parties equally.

19         And so that's what we're here for today is under

20 state law, the Court in a partition action has the ability

21 to order the sale of the property.  We're asking the Court

22 to do that in support of our motion.

23         We also cite to the provisions of the Bankruptcy

24 Code and rule that permit a trustee to sell the entirety of

25 a property when the bankruptcy estate owns less than all of

Page                                                                        7

1  the property.  And the motion also asks for the Court to

2  provide for an order of turnover.

3          As the Court understands, turnover as against a

4  non-debtor party requires an adversary and this is an

5  adversary proceeding, but we are not asking for control of

6  the -- turnover of the property unless or until there's

7  non-compliance with the Trustee attempting to market the

8  property or further order of the Court.

9          THE COURT:  Who resides in the property at this

10  point?

11          MR. RICHARDS:  I do, Your Honor, solely.

12          THE COURT:  Okay.  No one else?

13          MR. RICHARDS:  Correct.

14          THE COURT:  Okay.

15          MR. RICHARDS:  Ms. Zhou voluntarily breached back

16  in 2021 and the partition -- she's never discussed --

17          THE COURT:  I don't need to argue that.  I just

18  want to know where you live.

19          MR. RICHARDS:  Yeah, in Costa Mesa at 190 Cecil.

20          THE COURT:  And you live in the property?

21          MR. RICHARDS:  Correct.

22          THE COURT:  Okay.

23          MR. RICHARDS:  I maintain it.

24          THE COURT:  So now I can understand what exactly

25  is going on here.

Page                                                              8

1          First of all, he's not asking that the property

2   be sold today.  Do you understand that?

3          MR. RICHARDS:  Yeah, they want the option to --

4   yeah --

5          THE COURT:  Yeah, they're not trying to sell the

6   property today.

7          MR. RICHARDS:  Correct.

8          THE COURT:  In fact, Mr. Hays --

9          MR. RICHARDS:  I appreciate that.

10          THE COURT:  -- do you have a buyer right now?

11          MR. RICHARDS:  Yes, they do.

12          MR. HAYS:  No, Your Honor, we haven't even

13   started marketing efforts.

14          THE COURT:  Okay.  So you haven't started

15   marketing efforts yet.  And anytime you propose to sell the

16   property you're going to come to this Court and ask

17   permission?

18          MR. HAYS:  Yes, Your Honor.  We would file a

19   separate motion and provide written notice to Mr. Richards.

20          THE COURT:  Okay.  And what you're asking for

21   today is a determination by this Court whether you have as

22   a Chapter -- is your client has authority under 363(h) to

23   sell the entirety of the property.  That's what you're

24   asking for?  Right?

25          MR. HAYS:  Correct, Your Honor.  In addition to

Page                                                                    9

1 the ability of the Court under Code of Civil Procedure

2 §872.820, which authorizes the Court in a partition action

3 to issue an order of sale.

4          THE COURT:  And when did you serve this motion on

5 Mr. Richards, who is present in the Court today?

6          MR. HAYS:  Twenty-one days ago, Your Honor.

7          THE COURT:  Mr. Richards, you didn't file an

8 opposition to this motion.

9          MR. RICHARDS:  No, sir.  I have a separate trial

10 going and --

11         THE COURT:  The answer is no, right?

12         MR. RICHARDS:  Correct.

13         THE COURT:  Okay.  Okay.  Well, the Court has

14 reviewed the pleadings and I did it before this hearing.

15         MR. RICHARDS:  Correct.

16         THE COURT:  And I found that all elements of

17 363(h) of the Bankruptcy Code are met under this provision.

18         Mr. Hays's client, the Trustee, is entitled to

19 try to sell all of the property.

20         MR. RICHARDS:  Correct.

21         THE COURT:  Okay.  And so that's all --

22         MR. RICHARDS:  But it's my personal knowledge

23 she's -- she's a millionaire.

24         THE COURT:  -- we're determining today except one

25 more thing.

Page                                                          10

1            Now, he's going to probably go get a broker and

2    he's --

3            MR. RICHARDS:  We did that once.

4            THE COURT:  Okay.  And he -- that broker will

5    want to get into the house.

6            MR. RICHARDS:  He's already done that.

7            THE COURT:  What?

8            MR. RICHARDS:  We've tried that through the

9    petition --

10           THE COURT:  Let's try it again.

11           MR. RICHARDS:  -- which was invalid and --

12           THE COURT:  Listen to me very carefully because

13   this is not People's Court.

14           MR. RICHARDS:  Right, I understand, but --

15           THE COURT:  Okay.  So listen to me.  Listen to me

16   carefully.

17           MR. RICHARDS:  Yes, Your Honor, of course.

18           THE COURT:  Are you listening to me?

19           MR. RICHARDS:  Yes, Your Honor, I am.

20           THE COURT:  Okay.  Someone is going to contact

21   you.

22           MR. RICHARDS:  Um-hum.

23           THE COURT:  And they're going to say, we want to

24   show the house.

25           MR. RICHARDS:  Of course.



Page                                                              11

```
 1              THE COURT:  Are you going to interfere with that?
 2              MR. RICHARDS:  Not at all.  I --
 3              THE COURT:  Are you going to allow them to come
 4  in and see the house?
 5              MR. RICHARDS:  I've cooperated 100 percent.
 6              THE COURT:  I'm just asking you, are you going
 7  to?
 8              MR. RICHARDS:  Of course.
 9              THE COURT:  I'm not asking you if you have in the
10  past.
11              MR. RICHARDS:  Of course.
12              THE COURT:  Okay.  So now you know --
13              MR. RICHARDS:  Um-hum.
14              THE COURT:  -- that if you don't -- if you don't
15  allow persons in the home -- listen to me carefully before
16  you interrupt.
17              MR. RICHARDS:  I won't interrupt.
18              THE COURT:  If you don't, you'll be back here
19  under civil contempt.
20              Now I don't know what the sniffing was about.
21              MR. RICHARDS:  Well, I'm not allowed to speak,
22  so --
23              THE COURT:  No, you -- I want you not to
24  interrupt me.
25              MR. RICHARDS:  Okay.
```

Page                                                              12

1          THE COURT:  You're allowed to speak.  You're not

2   allowed to interrupt me.

3          MR. RICHARDS:  Um-hum.

4          THE COURT:  So I want you to now acknowledge that

5   you're going to permit the Trustee access to that home.

6          MR. RICHARDS:  Absolutely.  I've never resisted

7   any action.

8          THE COURT:  And the broker.

9          MR. RICHARDS:  Absolutely.

10         THE COURT:  Okay.  You're now on the record.

11         Mr. Hays, are you satisfied?

12         MR. HAYS:  Yes, Your Honor.  We will prepare an

13  order and we will, hopefully, have full cooperation, as

14  Mr. Richards says he will, in the marketing.  And if the

15  Trustee finds an offer that he believes is acceptable, we

16  will file a separate motion and Mr. Richards will get

17  separate written notice and at that time he can decide if

18  he supports the sale or if he opposes the sale.

19         THE COURT:  And here's the next question, then.

20  It's directed to you, but it's because Mr. Richards is

21  here.

22         If there is a sale of this house will

23  Mr. Richards receive any funds?

24         MR. HAYS:  Yes, Your Honor.  He would receive

25  one-half of the net proceeds and I believe the Bankruptcy

Page                                                          13

1   Code allows for -- and this is not an issue to be decided

2   today, but my understanding is it allows for the cost of

3   sale, including commissions, to be deducted from the gross.

4   And then at that point each party would get one-half of

5   that net and any fees of the Trustee or his professionals

6   would likely come out of the estate portion of that.

7           But again, all of that will be decided by way of

8   a separate motion, but Mr. Richards will get his fair share

9   and 50 percent interest in the proceeds.

10          THE COURT:  And what he's saying is, the legal

11  fees that they're incurring right now --

12          MR. RICHARDS:  Right.

13          THE COURT:  -- won't come out of your share.

14          MR. RICHARDS:  Okay.

15          THE COURT:  In case you under --

16          MR. RICHARDS:  It comes out the top of both.  But

17  then he mentioned the estate separately?

18          THE COURT:  Yeah, there's a bankruptcy estate.

19  Joanna Zhou has filed bankruptcy.

20          MR. RICHARDS:  Correct.

21          THE COURT:  That's a bankruptcy estate.

22          MR. RICHARDS:  Correct, so even --

23          THE COURT:  But listen to me carefully.

24          MR. RICHARDS:  -- even the -- all the fees come

25  out first before the 50/50?  Is that correct?

EXHIBIT 1, Page 17

Page                                                              14

1            THE COURT:  Well, the sale.  The cost of sale.

2            MR. RICHARDS:  Oh, and then the -- then the legal

3    fees.

4            THE COURT:  But his legal fees will come out of

5    her side.

6            MR. RICHARDS:  I see.

7            THE COURT:  Okay.

8            MR. RICHARDS:  I understand.

9            THE COURT:  Mr. Hays, do you disagree with that?

10           MR. HAYS:  No, Your Honor, I believe that that's

11   what the law is under 363(j) and I believe the Ninth

12   Circuit has a case law on this called *Flynn*.

13           THE COURT:  Yes, yes, yes, it does.

14           Now, again, I wanted to make sure that you

15   understand that I just didn't want to be interrupted --

16           MR. RICHARDS:  I appreciate it.

17           THE COURT:  If you have something else to say,

18   you can say it, but it has to be about this motion.  And

19   let me just describe for you again the motion.

20           They're wanting to make clear that they can sell

21   all of the house and then split the funds with you and

22   that's what the law is.

23           MR. RICHARDS:  Correct.

24           THE COURT:  And then they wanted to make sure

25   that you're not going to interfere with the sale.  And I've

Page                                                              15

1  told them, as much as I can right now, that I can solicit

2  your assistance in making sure that you don't interfere

3  with the sale.  I can't make you not interfere with the

4  sale, but what I can do, is hold you in contempt and put

5  you in jail.

6            MR. RICHARDS:  It's a punitive system.

7            THE COURT:  It's not a punitive.  It's a coercive

8  system.

9            MR. RICHARDS:  Yes.

10            THE COURT:  And we will coerce you --

11            MR. RICHARDS:  More eloquent.

12            THE COURT:  -- to follow the rules and the orders

13  of this Court.  Okay.

14            So is there anything else you'd like to say now

15  on those points?

16            MR. RICHARDS:  Just we did attempt through the

17  partition, but there was an illegal act that took place,

18  which is why I got thrown out.  There was a bid that was

19  put in that did not include my name on the contract at all,

20  which is typical.  So that's why I believe that failed.

21            THE COURT:  All right.  Thank you very much.

22            MR. RICHARDS:  Thank you, sir.

23            THE COURT:  Thank you.

24            MR. RICHARDS:  Your Honor.

25            THE COURT:  Mr. Hays, do you have anything else

Page                                                              16

1  to add?

2          MR. RICHARDS:  Thank you, Mr. Hays.

3          MR. HAYS:  Nothing further, Your Honor, and we

4  will prepare and upload the order.

5          And for Mr. Richards' benefit, after the Court

6  signs it, you will receive a copy.

7          THE COURT:  Mr. Richards, I'm glad you came today

8  and I'm glad you made it today.

9          MR. RICHARDS:  I did my best.

10         THE COURT:  No, no, it's -- yeah, you did.  You

11 came.  Because that helps you understand what's happening

12 here.  It's not necessarily a bad thing.

13         MR. RICHARDS:  I understand.

14         THE COURT:  All right.  Thank you very much.

15         MR. HAYS:  Your Honor, if I may, the last thing I

16 would just mention for Mr. Richards' benefit is, I don't

17 know what his financial situation is, but there are certain

18 other rights under the Bankruptcy Code of a co-owner to buy

19 out the estate's interests.  So if he has the financial

20 ability to buy out the estate's interests and, therefore,

21 keep his property, he should be contacting us with that

22 information.

23         THE COURT:  That's a good recommendation.

24         What he's --

25         MR. RICHARDS:  Mr. Hays, I would like to attempt

Page                                                                    17

1    that.  I'll do my best.

2            THE COURT:  Do you understand what he's saying?

3    You have a right of first refusal.

4            MR. RICHARDS:  Yes, if Ms. Jo -- I see.  I see.

5    Yes, if Mister -- he's amenable to that, I could do my

6    best.  It's a long shot, but I would like to --

7            THE COURT:  I don't think the debtor has much to

8    say about it.

9            Mr. Hays?

10           MR. HAYS:  The debtor has nothing to say about

11   this, Your Honor.  This is the Trustee's --

12           THE COURT:  It's not her being amicable.

13           MR. HAYS:  -- judgment, who is Mr. Marshack.

14           MR. RICHARDS:  Okay.  Well, thank you for the --

15           THE COURT:  It's whether or not you can make it

16   happen and you should talk to --

17           MR. RICHARDS:  Thank you for that opportunity.

18           THE COURT:  -- Mr. Hays about this.

19           MR. RICHARDS:  Thank you, sir.

20           THE COURT:  All right.  Very good.

21           MR. RICHARDS:  Thank you, Mr. Hays.

22           THE COURT:  Glad you came today.

23           MR. RICHARDS:  Thank you, Your Honor.

24           MR. HAYS:  Yeah.  Thank you, Your Honor.

25           THE COURT:  So there are no other parties wishing

Page                                                                    18

1  to be heard on the 11:00 calendar.

2  (End at 11:52 a.m.)

3                          * * * * * * * *

4          I certify that the foregoing is a correct

5  transcript from the electronic sound recording of the

6  proceedings in the above-entitled matter.

7

8  *Ruth Ann Hager*

9  _____          Date:  8/21/2024

10 RUTH ANN HAGER, C.E.T.**D-641

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **PLAINTIFF AND CHAPTER 7 TRUSTEE STATUS REPORT REGARDING COMPLIANCE OF DEFENDANT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 12, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **ATTORNEY FOR PLAINTIFF RICHARD A MARSHACK, CHAPTER 7 TRUSTEE:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; alinares@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR PLAINTIFF RICHARD A MARSHACK, CHAPTER 7 TRUSTEE:** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; alinares@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
- **CHAPTER 7 TRUSTEE:** Richard A Marshack pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **US TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **September 12, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEFENDANT**
DANNY B RICHARDS
190 CECIL PLACE
COSTA MESA, CA 92627

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 12, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

**VIA EMAIL:**
**DEFENDANT**
DANNY B RICHARDS
danrichards522@gmail.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 12, 2024 | Kathleen Frederick | */s/ Kathleen Frederick* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.